# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-924V

| | | |
|---|---|---|
| CHRISTIAN M. GATTO, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: March 31, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Phyllis Widman*, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On February 12, 2021, Christian Gatto filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleges that the meningococcal vaccines (Bexsero and Menactra) he received on February 13, 2019, caused his Guillain-Barré syndrome ("GBS"). I dismissed the claim after briefing, and Petitioner's counsel has represented to Chambers that it will not be appealed. *See* Decision, dated Feb. 28, 2025 (ECF No. 63).

Petitioner previously filed a motion for interim attorney's fees and costs, but has since filed this present motion and requests that it be combined with the pending fees request. *See* Motion, dated July 19, 2024 (ECF No. 58) ("Interim Fees Mot."); Motion, dated Mar. 18, 2025 (ECF No.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

64) ("Final Fees Mot."). In total, Petitioner requests $80,986.17 in attorney's fees and costs (reflecting $53,318.25 in fees, plus $27,667.92 in costs) for the work of attorney Phyllis Widman. Interim Fees Mot. at 4–5; Finial Fees Mot. at 4–6. The requested costs include Petitioner's unreimbursed litigation costs, which are discussed in greater detail below. Respondent reacted to the present fees request on March 19, 2025. *See* Response, dated Mar. 19, 2025 (ECF No. 65). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. *Id.* at 2, 5. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$80,986.17**.

## ANALYSIS

### I.   Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed sufficient objective basis to entitle him to a fees and costs award. There was no dispute among the parties that Petitioner was properly diagnosed with GBS, so the primary issue to be resolved was whether the meningococcal vaccine "can cause" GBS. Petitioner was, however, unable to successfully advance a scientifically-reliable causation theory, and the sole connection between Petitioner's diagnosis and his receipt of the meningococcal vaccine was temporal. Overall, I deem the proposed theory quite weak. Nevertheless, it is the first instance in which I have specifically confronted the theory in the context of the relevant vaccine, and other special masters have found a comparable theory involving other bacterial-oriented vaccines to be persuasive. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney based on the years work was performed:

|  | **2020** | **2021** | **2022** | **2023** | **2024** | **2025** |
|---|---|---|---|---|---|---|
| **Phyllis Widman (Attorney)** | $350.00 | $375.00 | $400.00 | $420.00 | $480.00 | $480.00 |

Interim Fees Mot. at 4, 7–20; Final Fees Mot. at 5–6.

Ms. Widman practices in Northfield, New Jersey—a jurisdiction that has been deemed "in forum," and thus entitling her to rates commensurate with what was established in *McCulloch*. *See Maxwell v. Sec'y of Health & Hum. Servs.*, No. 16-827V, 2018 WL 5095119, at *2 (Fed. Cl. Spec. Mstr. Sept. 17, 2018). The rates requested (including newly-requested 2025 rates) are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Williams v. Sec'y of Health & Hum. Servs.*, No. 18-1860V, 2025 WL 755057, at *4 (Fed. Cl. Spec. Mstr. Feb. 11, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 31, 2025).

Petitioner seeks $27,099.80 in outstanding costs, including the transcript retrieval costs and the work of two experts—Georges A. Ghacibeh, M.D and Lawrence Steinman, M.D. Interim Fees Mot. at 4, 30–33. Dr. Ghacibeh prepared two written reports and submitted an invoice reflecting a total of $10,000.00 (billing at an hourly rate of $500.00) charged to the matter. *Id.* at 31. Dr. Steinman prepared two written reports and submitted an invoice reflecting a total of $17,050.00 (billing at an hourly rate of $550.00) charged to the matter. *Id.* at 32. These rates are acceptable for the relevant experts, and I deem the work performed on the case by each expert to have been reasonable in amount. I will therefore grant this category of costs in its entirety.

Petitioner also seeks $568.12 in unreimbursed litigation costs, including the filing fee and medical record retrieval costs. *Id.* at 4, 22–26, 35. Such costs are typical in Program cases, were reasonably incurred in this matter, and are not duplicative sums billed by Petitioner's counsel. These costs are thus appropriately included in this award.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$80,986.17**, reflecting (a) $80,418.05 in attorney's fees and costs; and (b) $568.12 in Petitioner's unreimbursed litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.